## MRS. JOSIE F. MILAM v. J. R. HILL ET AL.

### Decided June 7, 1902.

**1.—Jurisdiction—Equitable Action—Appeal—Acceptance of Judgment.**

Where an equitable action is brought by a widow against her husband's surviving partner, who is executor of his separate estate, and against his heirs and devisees, to establish her right in partnership assets as community estate and to compel their application to community debts, to charge certain expenditure from the community estate as a lien on the husband's separate estate devised to defendants, and to set aside and cancel a deed by her conveying the property to defendants, praying for a receiver and for an accounting against the surviving partner, and also for partition, and the defendants tender a reconveyance of the property included in such deed, which is accepted, and judgment rendered declaring merely the restoration of plaintiff's former rights as to such property, but not adjudicating the title thereto, and as to all other matters the exceptions of defendants to the jurisdiction of the court are sustained, plaintiff's acceptance of such judgment setting aside the deed will not preclude her from appealing from the refusal of the court to take jurisdiction of the cause generally.

**2.—Same—Misjoinder—Parties—Community Creditors.**

Such action is not objectionable as involving a misjoinder of parties or of causes of action, nor are the community creditors necessary parties thereto.

**3.—Same—Surviving Partner—Probate Court.**

The jurisdiction of the district court over such action was not defeated because of the surviving partner's right to wind up the partnership business, nor because there had been no prior resort to the probate court against him as executor of the husband's separate estate.

**4.—Same—Venue—Multiplicity of Suits Avoided.**

Such action was properly brought in a county where one of the defendants resided and the property sought to be partitioned was situated, and jurisdiction there was not defeated by reason of the facts that the husband's estate was being administered in another county where the other defendants resided, and that plaintiff sought to establish a lien, in the nature of a trust, against his separate estate, and also to obtain other relief.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*Ross & McLean* and *Don A. Bliss,* for appellant.

*Theodore Mack, Hyde Jennings,* and *Capps & Canty,* for appellees.

CONNER, Chief Justice.—In substance, as shown by the petition upon which the trial proceeded, this was a suit by appellant, the surviving widow of B. R. Milam, deceased, against J. R. Milam, who was alleged to have duly qualified and to be acting as independent executor of the last will and testament of said B. R. Milam, and against R. F. Milam and the other appellees, all of whom were alleged to be the surviving heirs and devisees of said B. R. Milam, to establish her right and title to an undivided one-half of the community estate of appellant and B. R. Milam, and alleged to consist mainly of the assets of a mercantile and banking business that had been conducted by J. R. and B. R. Milam as partners, and which was alleged to be of the value of $20,000 after the payment of all community debts. Also to establish, and therefore to have a lien declared upon the separate property of said B. R. Milam conveyed to appellees by said will, certain sums out of said community property and out of the separate property of appellant that had been used by B. R. Milam in the improvement and for the benefit of said separate property of B. R. Milam. Also to cancel a certain deed from appellant to appellees conveying to appellees appellant's rights in and to all of the property and claim herein mentioned, including certain specified exempt property and the homestead alleged to have been situated on the separate property of B. R. Milam. It was alleged that said mercantile and banking business had been conducted in Somervell County, where the property involved was situated, where said will had been probated, and where said executor and nearly all other parties resided save R. F. Milam, who was alleged to reside in Tarrant County. It was also alleged that appellees had, after the death of B. R. Milam, formed a new partnership, and had taken and retained possession of said community assets, claiming title thereto, and had disposed of large quantities of the same, appropriating the value thereof to their own use and benefit; had and were commingling new goods with the old in such manner and quantity as if continued to render impossible of ascertainment what of the old partnership business and assets remained; all of which it was alleged had and was being done with intent to thereby deprive appellant of her just rights and interest and of converting to appellees' benefit the whole of said property, it being charged that the procurement of said deed was one of the steps or means used and designed by appellees to effect said wrongful purpose.

The prayer was for a cancellation of said deed; that appellant's interest be adjudged to be as claimed by her; that a receiver be appointed to take charge and dispose of said old partnership business and assets and discharge the community debts thereof alleged to exist; that J. R. Milam be required to render an account of said partnership business of himself and the deceased and be enjoined, if receivership be denied, from disposing of any of said community property save as necessary in winding up the business and for the payment of said community debts; that appellant be reimbursed for her separate and community property used for the benefit of the separate property of B. R. Milam, and that

lien thereon be decreed therefor. Appellant also prayed for partition and for general relief.

In answer to this petition appellees tendered reconveyance ·of all property and interests conveyed to them by the deed sought to be canceled (which tender was accepted by supplemental petition filed by appellant), and also urged exceptions (pleas of like effect being also presented), rather voluminous in form, but which, in substance, were that it appeared from the petition that, save as to the feature of cancellation, the District Court of Tarrant County had no jurisdiction of the parties or of the causes of action, and that there was a misjoinder of causes of action and of parties. In the language of the order these exceptions were sustained "as to all of said petition except that portion thereof wherein the plaintiff seeks to have the deed described in said petition canceled and to be restored to the possession" of the said homestead and exempt property. As to this relief the court proceeded to render judgment in appellant's favor; the judgment, however, expressly reciting that as to "any further relief sought by the plaintiff in her said petition, including her application for an accounting and the appointment of a receiver as well as all other matters is not passed upon nor adjudicated by this judgment, for the reason that the court has already sustained exceptions of the defendants to plaintiff's said petition which disposed of all of said other matters except the matters herein adjudged; and this court has refused to take jurisdiction of this cause for any purpose except in so far as the plaintiff seeks to cancel said deed and to recover possession of the property, real and personal, hereinbefore described. * * * It being expressly understood that the effect of this judgment is mainly to cancel said deed and to place plaintiff in the same position and state which she occupied before the execution of said deed, and not to adjudicate title to any property conveyed in said deed."

To which judgment, "in so far as the court refuses to take jurisdiction of the entire case presented by her said petition and refuses to grant her complete relief," appellant excepted and prosecutes this appeal. Appellant, however, accepted and has since enforced so much of the judgment as decreed to her the cancellation of said deed and the return to her of the homestead and exempt property described therein, and this action on appellant's part is made the ground of a motion by appellees to dismiss this appeal, the contention being that appellant can not both enforce and have reversed the same judgment, as has been held in Harper v. Foster, 40 Southwestern Reporter, 40; Dunham v. Randolph & Chambers, 32 Southwestern Reporter, 720, and other like cases. But we think this case must be distinguished from those referred to. Here there is no appeal from the judgment of cancellation and of the restoration of property and of appellant's former status in relation thereto. No issue or incidental question relating to the relief granted is now sought to be disturbed or reviewed. The issues pertaining to the cancellation sought are separable and entirely distinct from the other rights, if any, presented in the petition. Indeed, the cancellation

was but an incident of the main relief sought, the deed being but an obstacle to be removed in order to render the main relief available. In such case we understand the authorities to be that such acceptance and enforcement of the judgment as is here shown will not preclude appellant from an appeal from the remainder of the judgment. See Elliott, App. Proc., sec. 99; McCreary v. Robinson, 49 S. W. Rep., 212; Trustees v. Greenaugh, 105 U. S., 527; Woeltz v. Woeltz, 93 Texas, 548. The motion to dismiss the appeal will therefore be overruled.

The question remains, however, whether the court was in error in sustaining the exceptions indicated, and in declining to exercise further jurisdiction. We have concluded that such action was erroneous as assigned. As alleged, the suit involved not only the right of cancellation, but also the title to community property of considerable value and an application of the doctrine of equitable liens and of partition. Appellant distinctly alleges not only that appellees dispute her title to the community property to the extent claimed by her, but also that they are converting the whole to their own use and benefit without applying it to the payment of community debts. She also alleges facts which would seem to entitle her to reimbursement out of real estate devised to appellees. Hulen v. Williams, 60 S. W. Rep., 997. The right of the surviving partner to wind up the partnership business may be conceded, but it is certainly the right of the community survivor to have this expeditiously done, and to have the community assets properly applied. After this shall have been done, then the community survivor is entitled to whatever proportion of the residue of the estate she may be able to establish by the evidence as hers of right, whether of one-half as claimed by her, or whether of less interest as it is charged appellees claim, and the right of a court of equity to interfere for the protection of those in the attitude of appellant can not be doubted. Pars. on Part., 4 ed., secs. 343, et seq.

Nor, as we conceive, will the fact that J. R. Milam is the independent executor as alleged constitute the probate or other court of Somervell County the sole tribunal authorized to administer the relief prayed for. It was alleged, and in effect so admitted in the answer that J. R. Milam had qualified and was acting as independent executor. If so, suits against him are authorized without appeal to the probate court, as is well settled. Roberts v. Connellee, 71 Texas, 11. For the time being the probate court has no control and certainly no jurisdiction to try questions of title as presented in appellant's petition. As alleged, appellant was not named in the will. The will did not and could not divest appellant of her community interest in excess of the community debts, and as to which the probate court of Somervell County never assumed jurisdiction. It is insisted, however, that the suit is one to establish a debt, and that hence by the terms of the sixth clause of article 1194, Revised Statutes, the suit must be brought in Somervell County. One phase of appellant's petition seems to make this contention plausible. It is charged that B. R. Milam used of the community funds and of appel-

lant's separate funds certain sums for which she seeks to establish and to have declared a lien upon the separate estate of B. R. Milam devised to appellees by the will. This may perhaps be properly designated as an effort to establish a trust rather than to establish a money demand against the estate of B. R. Milam within the meaning of said section 6 of article 1194. But whether so or not, we do not think the prayer for this relief should be given the effect insisted upon. This is but an incident of more comprehensive relief sought in the petition. Appellant sought to cancel a deed and to establish her right and title to community property as claimed by her and for partition. Of these causes of action under other allegations of the petition the District Court of Tarrant County clearly had jurisdiction by force of sections 4 and 13 of the article invoked by appellees, and of article 3627, Revised Statutes, prescribing the venue of suits brought for partition of personal property. If so, to avoid multiplicity of suits, the District Court of Tarrant County was also authorized to dispose of the incidental or concomitant claim for reimbursement for funds used in the betterment of B. R. Milam's estate. See Morris v. Nunn, 79 Texas, 125; De la Vega v. League, 64 Texas, 205; Wilson v. Railway, 58 S. W. Rep., 183. All the matters of relief alleged were correlated, and in our judgment fall fairly within the principles announced in the above cases and were properly joined in the one suit.

Nor was there misjoinder of parties. All of the appellees were charged as acting in maladministration and conversion of the community estate. All were alleged to be heirs and devisees of B. R. Milam, and to be asserting adverse title to the property involved and were hence necessary parties. Without each of appellees no complete, final judgment could be rendered. Love v. Kearnen, 58 Texas, 191; Railway v. Perkins, 52 S. W. Rep., 124. The contrary is true, however, as to the creditors. No claim in antagonism to them was asserted and no interest of the creditors could be affected or prejudiced by the suit. Allison v. Shelling, 27 Texas, 453.

R. F. Milam was a resident of Tarrant County; the amount involved and the character of relief sought were, as alleged, such as to clearly confer jurisdiction upon the District Court of Tarrant County in the first instance, as in effect is admitted in behalf of appellees. The court thus having acquired jurisdiction, it remained and could not be deprived thereof by the voluntary acquiescence of appellees in the relief of cancellation sought, and we think the court should have proceeded to dispose of the remaining issues. See Lewis v. Davidson, 51 Texas, 251; Huppman v. Schmidt, 65 Texas, 583; Pressler v. Wilke, 84 Texas, 344; Ablowich v. Bank, 4 Texas Ct. Rep., 763, and authorities therein cited.

The judgment is reversed and the cause remanded for trial on the merits.

*Reversed and remanded.*