## GREEN v. GREEN et al. (No. 6803.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1922.)

**Husband and wife** ☞276(1)—**Surviving widow cannot be appointed community administratrix after letters have been granted to person named in husband's will.**

Under Rev. St. 1911, art. 3281, providing the order in which letters testamentary shall be granted and in view of articles 3559, 3592, 3614, a surviving widow cannot be appointed community administratrix after letters testamentary have been granted upon the husband's estate to the person named in his will.

Appeal from District Court, Gonzales County; C. K. Quin, Judge.

Petition by Mrs. E. T. Green to be appointed community administratrix of the estate of her husband, Dr. J. K. P. Green, deceased, contested by W. B. Green and others. The county court granted the community administration, but the question being certified to the district court, it sustained a general demurrer and plea in abatement, denying her right to be appointed community administratrix, from which ruling she appeals. Affirmed.

Cocke & Russell, of San Antonio, for appellant.

Taliaferro, Cunningham & Moursund and W. B. Jack Ball, all of San Antonio, for appellees.

COBBS, J. On August 27, 1921, appellant filed an application in the county court of Gonzales county seeking to be appointed community administratrix, being the survivor in community of the estate of her deceased husband, Dr. J. K. P. Green, who departed this life on the ———— day of July, 1921, leaving, besides herself, three children, W. B. Green, a man approximately 50 years of age, Miss Rosa Green approximately 45 years of age, and James Green, a man about 40 years of age.

By way of abatement, appellees, in contesting the application of appellant for appointment as community administratrix, averred

that on August 15, 1921, the last will and testament of the decedent was duly admitted to probate, and appellees were duly appointed independent executors and executrix respectively and qualified as such and letters testamentary duly issued to them as such to administer upon the said estate. Said will disposed of his one-half interest in the community estate as well as all his separate estate. The county court granted the community administration, but the question being certified to the district court, it sustained the general demurrer and plea in abatement denying appellant's right to be appointed community administratrix, from which ruling the appellant has appealed to this court and has filed proper assignments attacking the ruling and judgment of the district court.

The question here submitted to us to decide is whether or not the surviving widow could be appointed community administratrix after letters testamentary had been granted upon his estate in pursuance with the terms of the will providing for appointment of such independent executors and the judgment of the court probating the same and issuing its letters.

Appellant says:

"It is not controverted in this case that Dr. Green had a right to make a will and appoint an executor, nor is it denied that his will was admitted to probate and that his executors qualified before appellant herein filed her application for community administration, but it is respectfully submitted to the court that the surviving widow should not be denied any control over the community property by reason of said will, because it could not divest her of her community interest therein, and that her right to administer the same as the community survivor is exclusive of any other form of administration or the right of any other person to administer."

The will disposed of decedent's separate estate as well as his one-half interest in the community estate. He did not attempt to dispose of his wife's interest therein.

The statute confers upon parties the right of making wills for the disposition of their property. When a will is duly probated and the court turns the property over to the independent executors, the court has done a judicial thing, and the executors hold the property under a judicial act. The functions of a court with full judicial power have been exercised, and that property must be administered under the decree of the court in accordance with the will of the testator. Having probated the will and turned the community interest and separate estate of the testators to his independent executors, the court was not authorized to grant a community administration, either in revoking its former orders appointing executors, or by doing the useless thing of creating two administrations, one for the separate estate and two for the community property.

It is useless to discuss the statute, conferring the power upon the court to make such appointment in the proper cases, and the act is final unless set aside in a proper proceeding. It must be borne in mind that when the survivor qualifies as community survivor her powers are likened to that of an independent executorship, and she administers also free from the control of the probate court all of his community property. Such a state of double administration of the community property would create such confusion as was never contemplated by our wisest lawmakers, and creditors of the community would be in "confusion worse confounded" to know how to set about collecting their debts. In support of appellant's position, she cites R. S. 3592, 3614; Milam v. Hill et al., 29 Tex. Civ. App. 573, 69 S. W. 447; In re Chapman's Estate (Tex. Civ. App.) 213 S. W. 989. A careful reading of these authorities does not support appellant's contention. In the latter case, the estate consisted wholly of community property. Two applications were promptly made, one for an ordinary administration and the other for a community administration, and the court held that she was entitled in priority to take out community administration.

Under our statute, article 3281, for the issuance of letters priority is given, first, to the person named in the will, then, second, to the survivor. Community debts are ordinarily the debts of the husband, and his separate estate may be subjected to the debts of the estate. In administering this estate the separate rights of the wife in the estate of the community would not be affected by the will. The independent executors are entitled to take possession of the estate in the first instance and hold it until any partition thereof is sought on the part of the survivor, to separate it and it is separated. Article 3559, R. S.

The proper construction to be given to the statutes providing for the appointment of survivors of community never contemplated the appointment of such, other than in intestate estates. It will be noted that our statute gives the survivor the first right to be appointed administrator to administer the estate, when no executor is named in the will, or the person dies intestate. So in the latter case, and in the absence of a will where the testator dies intestate, our statute undertakes to provide for a simple and speedy means of settling the community estate and discharging the community debts, but that method is secondary and not exclusive or joint. As the husband is liable for the debts made, and his property, both separate and community, may be subjected to their payment, and not ordinarily debts that may be enforced against the wife's separate estate, except for necessities furnished her, his right to make a will, dispos-

ing of his estate, should be paramount to the wife's right in a contest of the kind here made to dispose of the same by turning it over to her as the survivor, instead of to the independent executors named by him, who are his children, all adults and no minors among them. Moody v. Smoot, 78 Tex. 123, 14 S. W. 285; Carlton v. Goebler, 94 Tex. 93, 58 S. W. 829; Caddell v. Lufkin Land Co. (Tex. Civ. App.) 234 S. W. 138; McCarthy v. Texas Co. et al. (Tex. Civ. App.) 235 S. W. 679.

This independent administration can, in no way, affect the property rights of appellant. The creditors, if any, are as well protected by this independent administration, if not better, than an administration of the community by the survivor partitioned off from the administration upon the whole estate, both separate and community, under the testator's will.

We find no reversible error assigned, and the judgment of the trial court is accordingly affirmed.