## MOORE v. MOORE.
### No. 11588.

Court of Civil Appeals of Texas. Galveston.
Dec. 16, 1943.

Rehearing Denied Feb. 17, 1944.

J. R. Hill, of Houston, for appellant.

Ladin & Lieberman, of Houston, for appellee.

GRAVES, Justice.

Doris Moore, as plaintiff below and appellee here, sued Willie Moore, defendant below, appellant here, for a divorce; trial was had before the Court, "who restored appellee to the state of single blessedness", of which appellant does not complain. However, appellant is offended by and complains of the trial court's action and judgment in holding Lot 3, Block 6, Northmore Addition to the City of Houston, to be the separate property of appellee. The rights of the parties in other property, real and personal, were settled in the judgment, of which, likewise, no complaint is made.

Appellant in writing requested the court to file findings and conclusions, which was done, and the appeal is before this court on such findings, no statement of the evidence otherwise having been brought up.

The provision in the decree with reference to Lot 3, Block 6, appellant complains of was this:

"And it further appearing to the Court that plaintiff owns as her separate estate, subject to the community indebtedness of $350.00, the following described property, to-wit:

"Lot Three (3) Block Six (6) in Northmore Addition and Addition to the City of Houston, Harris County, Texas, and all improvements thereon situated.

"And it further appearing to the Court that it is just and right that plaintiff should be granted and allowed a homestead for herself in the above described property during the balance of the natural life of the plaintiff so long as she does not remarry;

"It is therefore ordered, adjudged and decreed by the Court that the said Lot Three (3) Block —— (6) in Northmore Addition, an Addition to the City of Houston, Harris County, Texas, and all improve-

ments thereon situated, be and the same is hereby set aside and awarded together with the household goods therein, to the plaintiff as her separate property and estate and to be used and enjoyed by the plaintiff as a homestead during the balance of her natural life so long as she does not remarry, subject, however, to the community charge of $350.00. Should she remarry, the receiver herein shall sell said real estate and, after paying the defendant his community interest of $175.00, pay the balance to plaintiff herein."

The court's separately stated findings of fact and law, in support of that disposition, were, respectively, these:

"Findings of Fact:

"5. With respect to Lot 3, Block 6, Northmore Addition which was the homestead of plaintiff and defendant, the same was held by Will Lloyd the father of plaintiff under a contract with the Wright Land Company in the fall of the year 1930. The said Will Lloyd gave to his daughter, Doris Moore, plaintiff herein, all the right, title, and interest he had acquired in the said property under and by virtue of his contract-of-purchase, and the amounts he had paid pursuant thereto. Thereafter community funds to the extent of Three Hundred and Fifty Dollars were used to complete the payments on the said property, and by deed dated June 6, 1935, recorded in Volume 981, page 665, Deed Records of Harris County, said property was conveyed to Willie Moore and Doris Moore by the Wright Land Company for a recited consideration of Five Hundred Dollars.

"Conclusions of Law.

\*     \*     \*     \*     \*     \*     \*

"III. I conclude that the home located on Lot 3, Block 6, in Northmore Addition, was acquired by the plaintiff through gift from her father, and is therefore the separate property of the plaintiff, subject to a community indebtedness of Three Hundred and Fifty Dollars, representing the amount paid out of community funds on the purchase of the property."

■ Appellant presents here seven points of claimed error below, the gist of the first six being to the boiled down effect that the trial court's quoted findings that the deed from the Wright Land Company conveyed the lot involved to Willie Moore and Doris Moore together, as a matter of law, con-

stituted it community property between them in undivided one-half interests each, that no evidence aliunde had been admissible to change that result of the conveyance, and that the trial court had been in duty bound to give it that effect; especially, since there were no findings by the court that the lot had either been transferred to the appellee by her father, Will Lloyd, nor that she had ever taken possession of or made valuable improvements thereon—in short, that there was no evidence in the record to support a parol gift of the lot from her father to her.

In support of this position he earnestly, among other stated contentions, relies upon Rule 299, Texas Rules of Civil Procedure, which, he asserts, required the court's judgment to be supported by findings of fact to the purport thus recited by him, and that, since none were made involving the essential elements of the gift of the land between the father and the daughter, the judgment cannot stand.

This position is overruled, upon the conclusion that appellant misconstrues both cited Rule 299 and the trial court's findings in the judgment based thereon. In the first place, while, as already indicated, appellant himself in writing requested the findings and conclusions the court filed, he neither therein in advance, nor afterwards when they had been so filed, requested specific findings on any of the elements now insisted upon by him; not having done that, under the plain terms of Rule 299, those elements will be supplied by presumption in support of judgment, the court having found specifically the controlling element, that this property had at all material times been the separate estate of the appellee.

Under the conclusions stated, it becomes a matter wholly beyond the requirements to consider the effect of the evidence, or whether or not there was evidence to support these controlling findings the court did make, since, in the absence of any attack thereon, the conclusive presumption is, upon appeal, that there was ample supporting evidence.

■ Neither, in a suit like this, between the husband and wife alone—there being no bona fide purchasers, nor contract lien creditors, nor even the grantor, Wright Land Company, in this instance, before the court—is there any absolute presumption of

law under Vernon's Annotated Civil Statutes, Article 4619, which itself recites "unless the contrary be satisfactorily proved", that this property was community property between these parties from the bare fact that it was so conveyed to them jointly.

This for the reason that, as applied to facts such as these, that statutory presumption—as so indicated from its express terms—was clearly rebuttable by satisfactory proof aliunde, the deed, that the property had been paid for by the wife out of, or had otherwise constituted, her separate estate. York v. Hilger, Tex.Civ.App., 84 S.W. 1117; Smith v. Jones, Tex.Civ.App., 192 S.W. 795; Daggett v. W. B. Worsham & Co., Tex.Civ.App., 264 S.W. 180; John Hancock Mut. L. Ins. Co. v. Bennett, Tex. Civ.App., 106 S.W.2d 822; Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S. W.2d 180.

Appellant is further inept in his contention and argument to the purport that the Wright Land Company was conclusively shown to have been the common source of title to this lot as between himself and the appellee; to the contrary, in this litigation between them only as husband and wife, the appellee clearly had the right to show, under the authorities just cited, what was and what was not community property between them as such a marital partnership; and, in the exercise of that right, presumptively, to say the least of it, she did show that her source of title to this lot was other than the recited deed from the Wright Land Company to them both, and that—as against her husband alone—her claim to it was based upon inheritance, or gift, from her father. At all events, the trial court so found, and that finding not having been excepted to nor requested to be added to in any way by the appellant, was binding upon him under the very rule he invokes, cited Rule 299, Texas Rules of Civil Procedure.

The remaining point No. 7, pursuant to which appellant makes similar complaint against the trial court's recitation in its judgment that "This lot and its furnishings be set aside to the plaintiff for her use and that of her minor son during her natural life, or until she shall remarry", because there are no findings by the court to justify such action is overruled, as being immaterial and presenting nothing for review. At most, the property was set apart to the appellee for her use, to the exclusion of the appellant's, except as to his determined community interest therein.

It follows from these conclusions that the trial court's judgment should be affirmed; it will be so ordered.

Affirmed.