THE FIRST NATIONAL BANK OF BEAUMONT, TRUSTEE, V.
HAZEL HOWARD ET AL.

No. A-2437. Decided May 10, 1950.
(229 S. W., 2d Series, 781.)

*Strong, Moore, Strong & Nelson* and *Beeman Strong*, all of Beaumont, for petitioner Bank.

The Court of Civil Appeals erred in holding that the minor defendants, sons of the respective daughters, have a present, immediate, direct and independent interest in the corpus of trust estate established under the will of the testator; in holding that the respondent Massey, one of the beneficiary daughters of the deceased testator, is entitled to the sum of $300.00 per month for the period from March 1 to October 15, 1948, in the absence of a plea and a showing that the sole and uncontrolled discretion reposed in the trustee has been abused by him, and in holding that the absolute discretion reposed in the Bank as trustee, by

the terms of the will may be reviewed by the Court, in the absence of an abuse of that discretion and of facts to sutsain such a charge. Burney v. Burney, 145 Texas 311, 197 S. W. 2d 334; McMullen v. Sims, 37 S. W. 2d 141; Taylor v. First Natl. Bank of Wichita Falls, 207 S. W. 2d 428.

*W. T. McNeill,* of Beaumont, for respondent, Howard et al.

The trial court correctly held that testator's will was a gift of full support and maintenance, and was not a gift only of so much from the corpus of the trust estate as would keep the beneficiaries from suffering, and that in determining the amount of support and maintenance for the use of his two daughters, beneficaries, should not take into consideration any income of property that they and their husbands may own. Heller v. Heller, 269 S. W. 771; Laval v. Staffel, 64 Texas 370; 44 Texas Jur. 682.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit to construe provisions of the will of E. S. Nowery, deceased, creating a spendthrift trust for the benefit of his daughters, Mrs. Hazel Irene Howard and Mrs. Nina Mae Massey, and their issue. The opinion of the Court of Civil Appeals appears in 223 S. W. 2d, pp. 694-712.

For many years before his retirement Mr. Nowery had been a superintendent of production for a large oil company, and the major part of his estate consisted of its stock while the remainder was in real estate, United States bonds, stock in other corporations, life insurance and cash. When he executed his will on January 30, 1945, his wife had been dead for eight years. Mrs. Howard and Mrs. Massey were their only children. At the date of the will Mrs. Howard, 45 years old, had only one child, a son, 13 years old. Mrs. Massey, 40 years old, also had only one child, a son, about six months younger than the Howard boy.

Mr. Nowery was very generous with his daughters. He gave each of them between three and four thousand dollars per year during the three years preceding his death as well as automobiles and other gifts. All this he did without regard to need but with absolute impartiality. He made no regular allowance to his grandsons but did make them generous occasional gifts.

The will named The First National Bank of Beaumont as independent executor and trustee. After Nowery's death on October 29, 1946, the estate was administered under the will and

the net estate, appraised at $136,182.54, taken over by the bank as trustee.

The will provided that the trustee should manage and control the estate, and after the payment of expenses, should pay ½ of the net income to Mrs. Howard "in convenient installments" or, in the event of her death before the termination of the trust, to her issue per stirpes, and the other ½, on the same terms, to Mrs. Massey or her issue per stirpes; that in the event of the death of either daughter and her issue before termination of the trust, her part of the net income should be paid to the other daughter, if living, or to her issue per stirpes.

Then followed a conditional provision for payment to the beneficiaries out of the corpus of the estate; and a dispute between the trustee and the beneficiaries as to its proper construction resulted in this suit. It reads:

"2. In the event the net income from this Trust Estate shall be insufficient in the discretion and judgment of the Trustee to properly maintain and support those persons who, under the preceding paragraph are entitled to portions of said net income and to enable said persons to procure necessary and reasonable medical care, aid and assistance, and to give said persons proper educational advantages, then, and in that event, said Trustee shall be authorized to pay for such purposes such additional sums out of the corpus of the said Trust Estate as may in its sole and uncontrolled discretion be necessary or advisable. In determining whether such additional sums shall be paid out for said persons, the decision of the Trustee shall be final and conclusive.

"3. In the event payments of principal are made to any of the beneficiaries under the above provision, such payments shall be charged against the interest of the persons to whom payments are made."

██ Since the settlor's intention as to payments from the corpus of the trust estate is not made clear by the language used, we must deteremine it by a consideration of the value of the estate, the previous relations between him and the beneficiaries, and all the circumstances in regard both to the estate and the parties existing when the will was made and when the settlor died. McCreary v. Robinson, 94 Texas, 221, 59 S. W., 536; 101 A. L. R., p. 1462, Anno. II. a. 1. And, although the trustee's discretion is declared to be final and conclusive, the courts will interfere if it acts outside the bounds of a reasonable judgment.

In other words, the terms "final" and "conclusive" do not vest an unlimited discretion in the trustee. The test to be applied is: When it makes payments to the beneficiaries out of the corpus of the estate is the trustee acting in that state of mind in which the settlor contemplated that it should act? Scott on Trusts, Vol. 2, Sec. 187, p. 987. And see 65 C. J., Trusts, Sec. 727, p. 847.

For about two years prior to this trial the Howards had been operating a food store, which yielded them a monthly net income of "six or seven hundred dollars"; and Mr. Howard testified that during all the years of his marriage to Mrs. Howard he had made an independent living for her and their family. Property owned by the Howards was worth about $35,000. What they got from this store plus $96.10 per month which Mrs. Howard was to get for 10 years from her father's life insurance policies and about $60 per month which she received as her part of the net income from the trust estate constituted the Howard's entire income. Mrs. Howard worked part time at the store but employed a maid to care for their home.

The Masseys, on the other hand, were hard run. For several years prior to the date of the will they had lived in Colorado, where Mr. Massey had purchased a small ranch from a relative, principally by assuming an outstanding vendor's lien indebtedness, but it produced only a negeligible net income, which is well evidenced by the fact that they paid no income tax. At the time of the trial Mr. Massey was ill and unable to work; Mrs. Massey was working in a millinery store, while her boy, a student in high school, worked in the afternoons to help support the family. The Massey "net Federal income" for 1947 was $298.03, of which $273.21 was Mrs. Massey's part of the net income from the trust estate paid her by trustee bank under the provisions of her father's will. The Masseys had no other income except $96.10 which Mrs. Massey received monthly from her father's life insurance policies and about $60 per month which she got as her share of the net income of the trust estate.

The daughters contend that these facts show that their father's intention by the language in question was that if the net income from the trust estate proved insufficient properly to support and maintain them, the trustee was bound to pay them out of the corpus of the estate, without regard to any property they might own or any income they or their husbands might have from other sources. The trustee contends that if it is not required, it at least has the right, to take into consideration independent income enjoyed by the beneficiaries in determining

whether it shall go into the corpus for their benefit; and it asserts that the question is wholly within its discretion.

These opposite views culminated in this suit, filed by Mrs. Howard and Mrs. Massey, joined by their husbands, against the bank, as executor and trustee, and the Howard and Massey sons. The trial court held that "it was the intention of Testator that the Trustee not take into consideration income to or property of the beneficiaries or their husbands from sources other than the Trust Estate" in determining that the net income from the trust estate is insufficient "to properly maintain and support the beneficiaries under said trust, and to enable said persons to procure necessary and reasonable medical care, aid and assistance, and to give such persons proper educational advantages" and that therefore it should go into the corpus for that purpose. And it ordered the trustee to pay Mrs. Howard and Mrs. Massey each the sum of $300 per month by taking the difference between that sum and the net income of the trust estate out of the corpus, these payments to cover the period from March 1, 1948, when demand for them was made of the trustee, to and including Oct. 15, 1948, the date of judgment; and that from and after judgment "any additional payments out of principal, and the amount or amounts thereof, if any, should rest upon and within the sole discretion of the Trustee, and that the decision of the Trustee thereon should be final and conclusive."

The Court of Civil Appeals reversed the trial court's judgment as to Mrs. Howard and remanded it because it "is not supported by proof" and "may not be fully developed." It affirmed the judgment as to Mrs. Massey. All parties are complaining here.

In its sixth point of error the trustee asserts that the Court of Civil Appeals erred in holding that Mrs. Massey is entitled to enough out of the corpus of the estate to make her payments from the trust amount to $300 per month, in the absence of a showing that the trustee has abused the sole and uncontrolled discretion reposed in it by the testator. In its seventh point it contends that the "absolute" discretion reposed in it by the clear and unambiguous terms of the will is not subject to judicial review, in the absence of proof of abuse.

Both points are based on the assumption that there has been no abuse of discretion. Despite Mr. Nowery's language that the discretion of the trustee in determining whether payments shall be made out of the corpus shall be final and conclusive, its

discretion is not absolute. It remains both the province and duty of the courts to interfere if the trustee acts "outside the bounds of a reasonable judgment." And to determine whether it has so acted the test is: In making or declining to make payments to Mrs. Massey or Mrs. Howard out of the corpus of the estate would the trustee be *"acting in that state of mind in which the settlor contemplated that it should act."* Scott on Trusts, Vol. 2, Sec. 187, p. 987, supra. Under McCreary v. Robinson, supra, the state of mind so contemplated can be established by a consideration of the value of the Nowery estate, the relations between him and his daughters, as well as all the circumstances both as to the estate and the parties existing when the will was made and when Mr. Nowery died.

■ Applying those principles to this case, we have no difficulty in concluding that the trustee abused its discretion in refusing to make payments to Mrs. Massey out of the corpus of the estate. The poor financial condition of the Masseys must have been known to Mr. Nowery when he wrote his will. He knew that Mr. Massey was ill and that both Mrs. Massey and her boy worked to help support the family. Considering those facts and remembering that he gave Mrs. Massey $300 or more per month for three years prior to his death, it is inconceivable that he meant for his trustee to decline to pay her anything out of the corpus of the estate merely because she was getting $96.10 per month out of life insurance he left her and about $60 per month out of the net income from the trust estate. It follows that we affirm the judgment below allowing Mrs. Massey a total payment of $300 per month out of the corpus of the trust estate, less her part of the net income therefrom, from March 1, 1948, to October 15, 1948.

■ In five points the trustee complains of the holding by the Court of Civil Appeals that the Howard and Massey boys have a present and immediate interest in the trust estate and are entitled to present independent payments out of its corpus for their own support and maintenance. The unmistakable language of the bill is that if the net income from the estate shall, in the discretion and judgment of the trustee, be insufficient "to properly maintain and support *those persons who under the preceding paragraph are entitled to portions of said net income* and to enable said persons to procure necessary and reasonable medical care, aid and assistance, and to give said persons proper educational advantages," the trustee is authorized to pay for those purposes such additional sums out of the corpus as the trustee may think necessary or advisable. (Italics ours.) Under the "preceding paragraph", those persons who "are entitled to

portions of said net income" are clearly defined. It directs the trustee to "pay over and distribute the net income from said Trust Estate in convenient installments as follows: (a) To my daughter, Hazel Nowery Howard, wife of W. Elroy Howard, an undivided one-half ($\frac{1}{2}$) of said net income. Should the said Hazel Nowery Howard become deceased prior to my death and leave issue who shall survive me, or should the said Hazel Nowery Howard survive me but become deceased prior to the termination of this trust and leave issue surviving, then the share or portion of said net income from the Trust Estate which would have been paid to the said Hazel Nowery Howard had she lived shall be paid to such issue of said Hazel Nowery Howard per stirpes." Then follows subdivision (b) which in identical language directs that payment of the other one-half of the net income shall be made to Mrs. Massey or, in event of her death, to her issue. In the face of that positive language the Howard and Massey boys are not entitled to any present and independent payments out of either the net income from, or the corpus of, the trust estate. The only way that either boy can ever become a direct beneficiary is by the death of his mother. Until that contingency happens any payments by the trustee to them would be in absolute violation of the trust.

■ The principal contention made by Mrs. Howard and Mrs. Massey is that the Court of Civil Appeals erred in holding that the will gives the beneficiaries support and maintenance from the corpus only in case of need, to determine which the trustee should consider payments received by the daughters from their father's insurance policies, any income which they may earn, any income realized by their husbands from any source, as well as anything their sons might earn by their efforts. We are convinced that that holding is correct. To hold that Mrs. Howard and Mrs. Massey are entitled to payments independent of need would mean that they would receive equal payments both under the terms of the will and under their father's practice of impartiality in gifts made them during his lifetime; and it would render meaningless the provision in paragraph 3, above quoted, that "In the event payments of principal are made to any of the beneficiaries under the above provision, such payments shall be charged against the interest of the persons to whom payments are made." This clearly contemplated that payments out of the corpus should be made on basis of need only; otherwise there would be no occasion to require that they be charged against the interest of the person receiving them. Moreover, when Mr. Nowery made his will he was bound to have known of the financial plight of the Masseys as well as the comparatively fortunate situation of the Howards; and he likewise knew that

with the changes in fortune which often come, the financial situations of his daughters might change so that Mrs. Howard would need help more than Mrs. Massey would. So we think it was his purpose by the language of paragraph 3 to take care of any such exigency as well as to continue his policy of impartiality as between his daughters and their issue.

Mr. Nowery gave each of his daughters a college education. When he wrote his will he knew that each of them had a son in high school, and we may assume that he wanted his grandsons to have a college education and knew that his daughters would be of the same mind. He also knew the burden of expense which his daughters would have to bear in accomplishing that purpose. So, when he wrote in his will of sums "to properly maintain and support" his daughters he knew that they were going to spend out of their own income and resources whatever was reasonably necessary to aid their sons in getting a college education. Therefore, we hold that in determining whether to go into the corpus of the trust estate to make payments to Mrs. Howard or Mrs. Massey for their maintenance and support, the trustee is authorized to take into consideration whatever either daughter actually and reasonably spends in keeping her son in college.

To summarize as to the issues presented, we hold that in making payments out of the corpus of the estate either to Mrs. Howard or Mrs. Massey, the trustee is authorized to do so only on basis of need. And in determining whether need exists it will consider all income enjoyed by the beneficiaries from any and all sources, all income enjoyed by their husbands from whatever source so long as it is available for support of the beneficiaries and their sons, and any income received either by the Howard boy or the Massey boy from any source. If in the light of those factors it appears to the trustee that money will have to be taken from the corpus of the trust estate in order properly to maintain and support Mrs. Howard or Mrs. Massey in that station in life in which they were reared and are now living and to provide them with needed medical care and a college education for their sons, it is authorized to make such payments.

Obviously, it is impracticable to pass on all questions that may arise in the mind of the trustee in the administration of the Nowery trust even if they were before us for consideration; but it seems to us that the trustee can take what we have said and administer the trust without the necessity of further litigation, that it can act in that state of mind in which Mr. Nowery contemplated that it should act.

It follows that the judgment of the Court of Civil Appeals awarding Mrs. Massey enough out of the corpus to make $300 per month less her part of the net income from the estate for a period of time from March 1, 1948, to October 15, 1948, is affirmed. In all other respects both judgments below are reversed and the cause is remanded to the trial court for further proceedings, if necessary, in accordance with this opinion.

Opinion delivered May 10, 1950.

No motion for rehearing filed.