**KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant,**

v.

**The MAURICEVILLE INDEPENDENT SCHOOL DISTRICT et al., Appellee.**

No. 7584.

Court of Civil Appeals of Texas

Texarkana.

Nov. 3, 1964.

Orgain, Bell & Tucker, Beaumont, for appellant.

E. G. Aycock, Fort Worth, for appellee.

DAVIS, Justice.

This is a tax suit. For the purpose of this appeal, it will have to be presumed that the facts alleged in the pleadings are true. Plaintiff-appellant, Kansas City Southern Railway Company, sued defendant-appellee, The Mauriceville Independent School District, et al, over the taxes due on the property within the school district for the year 1962. According to the pleadings, appel-

lant, acting by and through its general Tax Commissioner, did, under oath, render to the Tax Assessor-Collector of the appellee for the year 1962 all of its property located within the school district that was subject to taxation, in accordance with the requirements of the law.

Thereafter, appellee notified appellant that the Board of Equalization of the School District would attempt to increase and raise the valuation of the properties included in said rendition to values over and above those contained in the rendition, and to place the property on the tax rolls of said school district at such increased valuation. Appellant appeared before the Board of Equalization of said school district at the appointed time and place for the purpose of objecting to any increase in valuation. At the hearing, it offered testimony and evidence in support of the value of the property set forth in the aforementioned rendition. No evidence of any other nature was presented to or heard by the Board of Equalization of said school district concerning the value of said property for tax purposes.

After the hearing, appellant was notified by the Tax Assessor-Collector that the Board of Equalization of said school district had increased the values on the property for tax purposes for the year 1962 to values grossly in excess of the values set forth in said sworn rendition and established by the uncontroverted evidence at such hearing before the Board of Equalization.

On January 17, 1963, appellant tendered to the Tax Assessor-Collector of said school district the sum of $1,307.52 as full and final payment of taxes due and owing to said school district for the year 1962. The tender of such money offered in full and final payment of all taxes owing to said school district by appellant for the year 1962 was refused by the Tax Assessor-Collector of said school district. The appellant then sued the appellee and conditionally tendered the sum of $1,307.52 into the registry of the court as full and final payment of all taxes due and owing by appellant to said school district for the year 1962.

There were pleadings that appellee had attempted to increase the value of such property over and above that shown by the sworn rendition and the evidence adduced at the hearing before the Board of Equalization. It alleged that the basis of such increased values were not done in compliance with the law, were void, unconstitutional, illegal, and of no force and effect for several reasons. It then listed the reasons and asked for affirmative relief by way of permanent and perpetual injunction against the appellee. It sought to permanently and perpetually enjoin the appellee from collecting, or attempting to collect taxes from the appellant over and above the amounts conditionally tendered into the registry of the court; from raising or attempting to raise the values placed, or to be placed, upon the properties of appellant within said School District for the year 1962 over and above the values as set forth in the sworn rendition and established by uncontroverted evidence adduced at said hearing; that a writ of injunction issue directing the appellees to place the properties of said appellant within said School District on the tax rolls of said District for the year 1962 at the values set forth in said sworn rendition and so established by the evidence at the hearing; enjoining the appellees from raising or attempting to raise the values of said properties on the tax rolls of said School District to any values over and above those set forth in said sworn rendition and established by the evidence at the hearing; from levying assessments on the basis of any other values; from collecting or attempting to collect any taxes from the appellant on the basis of any other values or on the basis of any other levies or assessments based upon any other values than the values set forth in such sworn rendition and established at such hearing; that judgment be entered declaring the assessments levied against properties of appellant involved in such School District to be grossly excessive, to be arbitrary and discriminatory, and to be

void and unenforceable, and that the only amount of taxes due and owing said School District for the year 1962 is the amount conditionally tendered into the registry of the court; and for costs of suit, etc.

The appellee answered by several special exceptions, a general denial, and a cross-action wherein the alleged value of the property had been increased and that there was then owing to the appellee a total of $3,255.54.

The appellee then filed a motion for payment of the sum of $1,307.52 that had been conditionally tendered into the registry of the court to the School District. In the motion, it alleged that the appellant contends that the money conditionally tendered into the registry of the court is the total amount of taxes due the appellee for the year 1962. It then alleged that there was no dispute as to the ownership of the money that had been conditionally tendered into the registry of the court by the appellant, and alleged that an additional sum of $1,948.02, according to the cross-action, was owed to the appellee by the appellant because of the cross-action on file. Appellant grossly took issue with the appellee. The trial court granted the motion.

The judgment of the trial court instructed the clerk of the court to pay to appellee the sum of $1,307.52 that had been conditionally tendered by the appellant into the registry of the court "wholly without prejudice to the rights, position and contentions of any party to this suit". Appellant excepted and gave notice of appeal. It brings forward one point of error.

After the record was filed in the Court of Civil Appeals, the appellee filed a motion to dismiss the appeal, contending that the order appealed from was interlocutory and was not a final judgment within the meanings of Art. 2249, 2250 and 2251, Vernon's Ann.Tex.Civ.St., and Rule 385.

Appellant by its point says the court erred in entering the order directing the money to be delivered to the appellee wholly without prejudice to the rights, position and contentions of any party to this suit, because the money had been conditionally tendered in full and final payment of all the tax liability for the year 1962, and as a necessary prerequisite to the asserting of the affirmative relief prayed for in appellant's original petition.

There is no case direct in point in Texas as to whether or not the judgment entered by the trial court is a final judgment from which an appeal can be taken. Because of the facts alleged in the pleadings it has been decided that such is a final judgment. The money had been conditionally tendered into the registry of the court for the full and final payment of all the taxes due by appellant to the school district for the year 1962. The title to the money deposited to the registry of the court did not immediately pass to the appellee because of the fact that appellant did seek affirmative relief. 52 Am. Jur. 248, Sec. 47. In the event the appellee is permitted to withdraw the money, under the pleadings, it cannot claim any more money for the year 1962. 86 C.J.S. Tender § 64b.

The case most nearly in point by the Texas courts is McCreary v. Robinson, 92 Tex. 408, 49 S.W. 212, answering a certified question. The case, on its merits, concerned the construction of a Will. In the Will, Robinson left a life estate and a portion of his property to his wife, and the remainder of the property, including the remainder of such estate, to one Sallie McCreary. The devise to Mrs. McCreary, however, provided that during the life of John Robinson the rents and profits from certain of the lands devised were to be used to maintain John Robinson with "the comforts and necessities of life". John Robinson filed suit alleging there was a large sum of money being held by the executor to which he was entitled by the Will. He also requested that during the pendency of the suit he be allowed certain sums from these monies as temporary support because of his circumstances. The court entered an order allowing him a certain sum as temporary sup-

port pending the final outcome of the litigation. An appeal was taken from the order, and the Court of Civil Appeals certified the question to the Supreme Court: "Is the judgment appealed from such a final judgment as will support an appeal to this court?" The Supreme Court answered in the affirmative. The Supreme Court later reversed the judgment of the Court of Civil Appeals in McCreary v. Robinson, 94 Tex. 221, 59 S.W. 536, and in the last paragraph of the opinion had this to say:

> "We are urged to make a final disposition of the case, but this cannot be done without a finding of all the facts. In view of another trial, we suggest that it seems to us best that the case, if tried by a jury, should be submitted upon such special issues as will enable them to find by their verdict the specific facts and circumstances by which the court must be guided in construing the will. For the errors pointed out, the judgment is reversed and the cause remanded."

Other cases of similar holdings are: Milan v. Hill et al., 29 Tex.Civ.App., 573, 69 S.W. 447, N.W.H.: Sawyer v. Ellis et al., 36 Ariz. 419, 286 P. 189. The motion to dismiss the appeal is overruled.

■ From the above holdings it seems unnecessary to discuss the above point of error. Appellant did seek affirmative relief and conditionally tendered the money into court as a precedent to the end it sought. The money remains the property of the appellant until the final outcome of the lawsuit. 55 T.J.2d 230, Sec. 19; City of Rosebud v. Vitek, Tex.Civ.App., 210 S.W. 728, dism. w. o. j.; Texarkana & Ft. S. Ry. Co. v. Brinkman, Tex.Civ.App., 288 S.W. 852, affmd., Tex.Com.App., 292 S.W. 860; Republic Ins. Co. v. Highland Park Independent School District, Tex.Civ.App., 123 S.W. 2d 784, dism. w. o. j. The point of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for trial upon its merits.