Aramis REKDAHL et al., Appellants,

v.

James M. LONG et al., Appellees.

No. 4088.

Court of Civil Appeals of Texas.

Eastland.

Sept. 23, 1966.

Rehearing Denied Oct. 21, 1966.

Kelley, Ryan & Merrill, William J. Merrill, Houston, Hall W. Griggs, West Columbia, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Chester M. Fulton, Houston, for appellees.

WALTER, Justice.

This case deals with the construction of Section 26 of Article 1, of the Constitution of the State of Texas, Vernon's Ann.St., being the rule against perpetuities. The will of Mabel A. Rekdahl was admitted to probate in ancillary probate proceedings in Brazoria County in March, 1954. She left surviving her one child, the plaintiff, Aramis Rekdahl. He and his wife filed suit against the trustee and others and contended that a trust created by his mother's will was void because it created an interest in real estate which will not vest within the period measured by lives in being at the time of his mother's death plus twenty-one years, and therefore, contrary to the rule against perpetuities. In a non-jury trial, judgment was rendered holding the trust valid. However, the court ordered the trustee to increase plaintiff's monthly allowance to not less than $1,000.00 per month. Aramis Rekdahl and wife have appealed from that part of the judgment holding the trust valid. The trustee and other defendants have appealed from that part of the judgment providing for an increase in the monthly allowance.

Aramis Rekdahl is fifty-five years of age, has been married twice and has a son by his first wife and two daughters by his second wife. The children range in age from 28 to 34 years. The children are alive and each had children living at the time of trial.

The only portion of the will which Aramis complains about is Article 111 which is as follows:

"111. TEXAS TRUST: I give, bequeath and devise to my trustee hereinafter named all property whether real or personal or mixed which I die owning or in which I have any interest upon my death, which is located in or having a legal situs in the State of Texas in trust for the benefit of persons and as follows, to-wit:

A. The said trustee shall receive and take charge of all of such property, hold possession thereof, manage, invest and reinvest the same, collect and receive the income therefrom and after payment therefrom of all expenses of the administration of such trust and such other charges as are properly payable therefrom relative to the operation and maintenance thereof, he shall pay the net income therefrom as follows, to-wit:

1. The sum of Two hundred dollars per month to my son Aramis Rekdahl, as long as he is living, provided however, that if such income is at any time inadequate considering other property and income which he might have for the support and maintenance of said Aramis Rekdahl, according to his customary standard of living, and further considering his family obligations, my trustee is authorized to increase such monthly payments, whether from income *of* from the principal (corpus) of said trust, so that Aramis Rekdahl, shall have sufficient income to live according to such standard.

2. After the foregoing payments have been made such trustee shall pay from the net income the sum of One hundred dollars per month to my said sister, Mildred Manning, for any month where during the preceeding calendar month her income from employment was less than

Fifty Dollars. For the purpose hereof any income which she might receive from social security or any old age retirement or pension shall not be deemed income from employment so as to defeat her right to such monthly payments. In event the income herefrom is inadequate to make these payments the obligation to make the same shall accumulate and when there are sufficient funds from income the same shall be paid. Payments under this provision shall continue for the life time of Mildred Manning. I authorize the trustee hereunder to accept her statement sufficient of the facts of her condition, income and employment.

3. After the foregoing have been paid I direct my trustee to pay to my brother in law, Harold Rekdahl, from the income from said trust the sum of Fifty Dollars per month. The obligation herefor shall also accumulate in event through lack of funds there is not sufficient funds to pay the same at any time, the same shall later be paid when income from said trust is available therefor.

4. *First Accumulation*: I direct my trustee after the foregoing have been paid to accumulate from the income of said trust the sum of Twenty Five thousand dollars and the same when accumulated shall be available for payment of any of the foregoing directions to pay from income. The trustee shall not accumulate income however, at any time after the death of Aramis Rekdahl; provided however, that if Aramis Rekdahl dies before I die then such accumulation shall be made until twenty one years after my death or until the entire trust hereunder terminates whichever is sooner.

5. *Second Accumulation*: Brothers, Sisters, and Brothers in Law and Sisters in Law: After the foregoing have been paid and the foregoing accumulation has been made I direct my trustee to accumulate the sum of Ten thousand dollars from the income from said trust which

Ten thousand dollars shall be held in trust for my brothers and sisters and for the brothers and sisters of my deceased husband, Sverre C. Rekdahl, as long as they are living and the net income therefrom shall be paid to them in equal shares among such of them as are at any time surviving and if at any time any one of them, who because of illness or injury is unable to support himself or herself, or to pay his or her medical expenses and such brother or sister has liabilities exceeding assets, (excluding property exempt from execution in computation) as to them such trustee, from what has become the corpus, of such accumulation may pay to such brothers or sister such sum as in the discretion of the trustee may be necessary to support such brother or sister according to his or her ordinary standard of living, or pay such medical expenses to enable the same. No funds shall be accumulated for this purpose hereunder after the death of Aramis Rekdahl; provided however, that if Aramis Rekdahl dies before I die then such accumulation shall be made until twenty one years after my death or until the entire trust hereunder terminates whichever is sooner. When the last of such brothers and sisters have died any balance remaining hereunder shall be transferred by said trustee back into the residue of such basic trust and finally paid out as hereinafter provided.

6. After all of the foregoing have been paid and the foregoing accumulations have been made (or without such accumulation having been made, if for any reason such accumulations have been ruled invalid), then all of such net income which is left shall be paid to Aramis Rekdahl for his lifetime.

7. When Aramis Rekdahl dies or upon my death if he has predeceased me I direct that the sum per month which he would have received be paid in equal shares as follows: One fourth thereof to his wife, Violet Rekdahl, and the bal-

ance thereof in equal shares to his children who survive him, provided that if any child of Aramis Rekdahl dies leaving issue then such issue shall take the share which his or her parent would have taken had he or she survived him. If said wife dies the share which she would have received thereunder shall be paid as aforesaid to the said children or issue of Aramis Rekdahl. Such payments shall continue until such child receiving hereunder is thirty five years of age, at which time each of such children successively becoming thirty five years of age, shall cease to receive any money herefrom and the full balance of such payments shall be made to such child or such children of Aramis Rekdahl, who has not or have not attained the age of thirty five years, provided further however, all such payments from income shall cease when the last of such children has become thirty five years of age and for this purpose, issue of any deceased children of Aramis Rekdahl shall not be considered in determining such time.

8. After the death of Aramis Rekdahl and after his children have successively attained the age of thirty five years or have died so that there is none left to attain the age of thirty five years then all of this trust shall terminate with the exception of the second accumulation above for brothers and sisters and all of the assets whether corpus or income of such trust shall be distributed in equal and undivided shares to the children of Aramis Rekdahl, who survive him, provided however, that if any such children dies leaving issue who survive Aramis Rekdahl, then such issue shall take the share which such parent would otherwise have taken. Upon the termination of the trust referred to above, as the 'second accumulation' for brothers and sisters, any residue therein shall be distributed in equal and undivided shares to the children of Aramis Rekdahl, who survive Aramis Rekdahl, provided however, that if any

such children dies before Aramis Rekdahl, leaving issue who survive Aramis Rekdahl, then such issue shall take the share which such parent would otherwise have taken if he or she had survived.

9. Neither the assets or such trust nor any part of the trusts referred to above, nor the income therefrom shall vest in any of such beneficiaries, until the termination of said trust nor shall such assets nor the income therefrom be liable for the debts of any one of them nor shall any one of said beneficiaries have any power to sell, assign, transfer, incumber or in any other manner to anticipate or dispose of his or her interest in said trust or the income produced thereby prior to the actual payment to him or her as aforesaid.

10. I hereby appoint James M. Long of Minneapolis, Minnesota, my brother, to be the trustee of said trust and in event he dies before I die, then I appoint Mylla Petterson of Houston, Texas, to be such trustee and in event he also predeceases me then I appoint ——————— of ———————. In event none of such trustees survive me or in event for any reason they do not qualify and act as such trustee I request that any court of competent jurisdiction appoint any suitable person as such trustee, as I do not intend this trust to fail for want of a trustee. Any successor trustee to the original trustee hereunder shall have all of the powers, whether discretionary or otherwise of such original trustee."

The appellants' point that the court erred in holding the trust provisions of the will valid cannot be sustained.

After providing for monthly payments from income to her son, her sister and her brother-in-law, the testatrix, in paragraph seven provided, that upon the death of her son Aramis, that his payments shall be made to his wife and "to his children who

survive him." In paragraph eight, she provides for the termination of the trust and its distribution.

■ Do the provisions of the trust violate the rule against perpetuities? The purpose of the rule is stated in Kettler v. Atkinson, 383 S.W.2d 557, (1964), (Tex. Supreme Court), as follows:

"The purpose of the rule is to prevent the taking of the subject matter of the perpetuity out of commerce or trade for the prohibited period. As this court said in Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600 (1951): 'A perpetuity has been defined as a limitation which takes the subject matter of the perpetuity out of commerce for a period of time greater than a life or lives in being, and 21 years thereafter, plus the ordinary period of gestation.' "

In Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903, (1954), the court said:

"The rule, 'as appears by its statement, relates only to the vesting of estates and interests, and not to their duration or ending.' And it has no application to present interests, legal or equitable, in realty or personalty, whether or not alienable. 70 C.J.S. Perpetuities § 8, page 584; Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600. * * · * The requirement of the rule in this respect is complied with when a future estate or interest becomes vested in interest regardless of when it becomes vested in possession. Hunt v. Carroll, Tex.Civ. App., 157 S.W.2d 429. Handbook on Law of Future Interest by Lewis M. Simes, 1951, at page 369 has this to say: 'The word "vest" refers to a vesting in interest and not in possession. It is but an enlargement of the feudal concept of vesting which was applied in determining whether a remainder was vested or contingent for purposes of the destructibility rule.' Similarly, text writers generally maintain that restraint on alienation has no bearing upon the question of whether or not the title has vested. Griswold, Spendthrift Trusts, 2d Ed. 1947, p. 361; also same text, Sec. 280.1."

The court also quotes from Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, affirmed by the Supreme Court, as follows:

" 'It is immaterial that full possession and enjoyment of the property is postponed beyond the period of a life or lives in being and 21 years thereafter with the ordinary period of gestation added.' "

In Munger v. Munger, (Tex.Civ.App.) 298 S.W. 470, at page 474, (Writ Ref.) the court said:

"The provisions of the will now under consideration are not in our opinion of doubtful meaning, but, if they should be so considered, it would be our plain duty to give to them such interpretation, guided by applicable rules of course, as would uphold, rather than destroy, the trust. Neely v. Brogden (Tex.Com. App.) 239 S.W. 192 (193)."

■ The general rule is that the ascertainment of the intention of the testatrix is the cardinal rule to be followed in construing a will. Methodist Orphanage of Waco v. Buckner's Orphans' Home of Dallas, Tex.Civ.App., 261 S.W. 203, (Writ Ref.); Carr v. Rogers, 383 S.W.2d 383, (Sup.Ct.) 1964.

For reasons of her own which she considered to be for the best interest of her son and grandchildren, Mrs. Rekdahl provided that Aramis should receive only income from the trust. It is equally clear that she intended for the assets of the trust to "be distributed in equal and undivided shares to the children of Aramis Rekdahl, *who survive him*, provided, however, that if any such children dies leaving issue *who survive Aramis Rekdahl*, then such issue shall take the share which such parent would otherwise have taken." Also, in paragraph eight and referring to the residue of the "Second Accumulation", she provides that it "shall be distributed in

equal and undivided shares to the children of Aramis Rekdahl, *who survive Aramis Rekdahl.*"

The testatrix placed the legal title in a trustee, a beneficial life interest in Aramis, and a vested beneficial remainder in the children. The testatrix clearly identifies the persons or the class of persons who are to take the remainder estate at Aramis' death. They are Aramis' children and grandchildren who survive Aramis. It is true there is a possibility of Aramis fathering another child before his death. However, that would not prevent the vesting of the remainder estate in Aramis' living children upon the testatrix's death. In Johnston v. Johnston, Tex.Civ.App., 276 S.W. 776, at page 778 (no writ) (1925) the court said:

"At the time the devise in remainder to this said class took effect, there were two members in being, to wit, Mrs. Magee and Mrs. Tyler, and the estate in remainder immediately vested in them as the sole representatives of said class then in being, subject, however, to such estate opening to let in after-born children of this class."

■ The eligible members of the class of beneficiaries will be determined at Aramis' death. Their interest vested well within the period set out in the rule against perpetuities. The condition of the will providing for distribution of the corpus of the trust relates only to the time when the beneficiaries shall be delivered possession and control of his portion of the estate and has no effect on the vesting of the estate.

■ We find no merit in appellants' point that the court erred in admitting the testimony of Honorable Walter S. Johnson, a Minnesota attorney, regarding conversations he had with the testatrix. There is nothing in the record to indicate that the court gave any consideration to the alleged inadmissible testimony. In a case tried before the court without a jury, we presume that the court considered only the admissible evidence.

■ The appellees have appealed from that portion of the judgment increasing the monthly payments.

In the State v. Rubion, 158 Tex. 43, 308 S.W.2d 4, (Sup.Ct.), 1957, the court at page 9 said:

"The discretion with which a trustee of a support trust is clothed in determining how much of the trust property shall be made available for the support of the beneficiary and when it shall be used is not an unbridled discretion. First National Bank of Beaumont v. Howard, 149 Tex. 130, 229 S.W.2d 781, 785; Anderson v. Menefee, Tex.Civ.App., 174 S.W. 904, writ refused; Scott on Trusts, Vol. 2, sec. 187, p. 986. He may not act arbitrarily in the matter, however pure may be his motives. In re Brown's Appeal, 345 Pa. 373, 29 A.2d 52; Restatement of Trusts, Sec. 187, p. 487; 90 C.J.S. Trusts § 261, p. 310. His discretion must be reasonably exercised to accomplish the purposes of the trust according to the settlor's intention and his exercise thereof is subject to judicial review and control."

■ We find some evidence of probative force in the record to support the court's action in ordering the trustee to increase the monthly payments. The trustee's exercise of discretion, in determining what amount of money would be sufficient to maintain Aramis in his customary standard of living, was subject to judical review. This point is overruled.

The judgment is affirmed.